UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GENERIO TRAVIS JONES JR.,**

Plaintiff,

v.                                                           **No. 4:25-cv-648-P**

**OFFICER FNA MADHWANI, ET AL.,**

Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. ECF No. 35. Plaintiff filed an Objection on March 95 2026, and the Magistrate Judge's Recommendation is ripe for review. Accordingly, the undersigned District Judge conducted a *de novo* review. The undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, Defendants' Motion to Stay (ECF No. 19) is **GRANTED** and the above-styled and numbered cause is **STAYED** pending resolution of Plaintiff's above-described criminal charges. It is further **ORDERED** that this case be **ADMINISTRATIVELY CLOSED** and that Plaintiff, if he intends to pursue these claims, be **ORDERED** to file a motion to lift the stay within thirty (30) days of the date the criminal proceedings against him conclude. The Court further **ORDERS** that Defendants not be required to answer Plaintiff's claims against them during the stay nor that Plaintiff be allowed to seek a default judgment or conduct discovery during the stay. The Court further **ORDERS** that the Clerk of the Court be **DIRECTED** not to accept any motions or other documents for filing in this case from Plaintiff other than: (1) a motion

to lift the stay and reopen the case; (2) a motion to dismiss the lawsuit voluntarily; or (3) a notice of change of address.

Further, Plaintiff's objections are **OVERRULLED**. Plaintiff's argument that a stay would "delay[] adjudication of constitutional claims and increase[] the risk of lost evidence and faded memories" (ECF No. 26 at 2 ) is unavailing in light of case law. Indeed, "[w]hen a plaintiff files suit under 42 U.S.C. § 1983 based on claims that are 'related to rulings that will likely be made in a pending . . . criminal trial[ ], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended.'" *Joiner v. Lewis*, No. 23-7144, 2024 WL 3452902, at *1 (E.D. La. July 17, 2024) (quoting *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

**SO ORDERED** on this **24th day of March 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2